116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Susan COWDEN, individually and on behalf of all other
persons similarly situated, Plaintiff-Appellee,
v.
CHRYSLER CORPORATION, Defendant-Appellant.
 No. 96-35601.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-95-01710-WLD; William L. Dwyer, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chrysler Corporation appeals the district court's order denying its request for sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent power. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Chrysler contends that the district court abused its discretion in failing to sanction plaintiff Cowden's attorneys pursuant to 28 U.S.C. § 1927 and the court's inherent authority because Cowden's attorneys improperly filed and maintained a class action against Chrysler without her consent. We disagree.
 
 
 4
 We review the district court's denial of § 1927 sanctions for abuse of discretion. See Trulis v. Barton, 107 F.3d 685, 692 (9th Cir.1997). The district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. See Goehring v. Brophy, 94 F.3d 1294, 1305 (9th Cir.1996), cert. denied, 117 S.Ct. 1335 (1997).
 
 
 5
 Section 1927 provides that any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. See 28 U.S.C. § 1927. Sanctions are warranted when an attorney has shown subjective bad faith by "knowingly or recklessly rais[ing] a frivolous argument or argu[ing] a meritorious claim for the purpose of harassing an opponent." Trulis, 107 F.3d at 694 (quotations omitted).
 
 
 6
 From the evidence in the record, the district court properly found that Cowden's attorneys' conduct did not rise to the level of bad faith or that it could be characterized as intentional or reckless. See id. While there appeared to be poor communications between Cowden and her class action counsel, this in of itself is not sufficient to warrant sanctions because Cowden's attorneys promptly dismissed the case after confirming her intentions. See 28 U.S.C. § 1927; Trulis, 107 F.3d at 694. Because the district court's conclusion was plausible upon consideration of all the relevant factors, we hold that the district court did not abuse its discretion. See Trulis, 107 F.3d at 692; Goehring, 94 F.3d at 1305.
 
 
 7
 A court may not invoke its inherent powers to sanction counsel without a specific finding of bad faith. See In re Keegan Management Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir.1995). Since the district court did not abuse its discretion in determining that there was no bad faith exhibited by Cowden's attorneys, we affirm the district court's decision not to impose sanctions under its inherent authority for similar reasons. See id.
 
 
 8
 Accordingly, we affirm the district court's order denying Chrysler's request for sanctions.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3